In 2010, the defendant pleaded guilty to possession of a class A controlled substance with the intent to distribute, possession of a class A controlled substance, resisting arrest, and assault and battery on a police officer. In 2013, the defendant moved to withdraw his 2010 guilty pleas. The defendant's motions were based on alleged misconduct by Sonja Farak, an assistant analyst at the Department of Public Health's State Laboratory in Amherst (Amherst laboratory). The defendant's motions to withdraw his pleas were allowed. The Commonwealth appealed, and we reversed. Commonwealth v. Ubeira-Gonzalez, 87 Mass. App. Ct. 37 (2015). The Supreme Judicial Court denied the defendant's application for further appellate review without prejudice, but remanded the case to this court in light of Commonwealth v. Ware, 471 Mass. 85 (2015), and Commonwealth v. Cotto, 471 Mass. 97 (2015). Commonwealth v. Ubeira-Gonzalez, 471 Mass. 1108 (2015).
Thereafter, we stayed the matter pending the results of an evidentiary hearing in Cotto, in which a Superior Court judge heard evidence on, inter alia, the extent and the reach of Farak's misconduct at the Amherst Laboratory. In light of the judge's subsidiary findings and order in the Cotto case, we order in this case as follows: (1) upon reconsideration, the orders granting a new trial on the defendant's convictions of resisting arrest and assault and battery on a police officer are reversed, and a new order shall enter denying the motions as to the pleas on these crimes; and (2) upon reconsideration, the remainder of the orders granting a new trial on the defendant's convictions of possession of a class A controlled substance with the intent to distribute and possession of a class A controlled substance are vacated, and those matters are remanded to the District Court for further action in light of the subsidiary findings and order in the Cotto case and the holding in Commonwealth v. Ruffin, 475 Mass. 1003 (2016).
So ordered.
Reversed in part, vacated in part, and remanded.