Following a jury trial in the District Court, the defendant, Donald R. Mason, was convicted of resisting arrest and acquitted of assault and battery on a police officer.[2] On appeal, he contends that (1) the evidence was insufficient, (2) the Commonwealth's closing argument was improper, (3) the failure to admit the recording of two 911 telephone calls was error, (4) the failure to take judicial notice of a ruling on a motion to suppress was error, and (5) the verdicts were inconsistent. We affirm.
Background. Taking the evidence in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), the jury could have found the following facts. On March 3, 2014, the defendant made a 911 telephone call to the Agawam police department reporting an unwanted guest at his home. Shortly thereafter, the defendant called back reporting that the person had left and that he no longer needed police assistance. Notwithstanding the second call, the shift supervisor ordered police officers to respond to the scene. The defendant refused to answer the police officers' questions or allow them to enter his home to look for the unwanted guest. The defendant pushed Officer Larry Hoague in the chest[3] and a struggle ensued. Hoague told Officer John Stone to employ pepper spray to subdue the defendant. Hoague then told Stone to place handcuffs on the defendant, as the defendant had struck him. The defendant continued to struggle and pull his arms so that Stone could not get his arms behind his back to handcuff him. Stone ordered the defendant to "stop resisting." The defendant was eventually handcuffed and placed under arrest.
Discussion. a. Sufficiency of the evidence. Viewing the evidence in the light most favorable to the Commonwealth as we must, see ibid., the evidence sufficed to convict the defendant of resisting arrest. General Laws c. 268, § 32B(a ), inserted by St. 1995, c. 276, defines resisting arrest as
"knowingly prevent[ing] or attempt[ing] to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another."
The crime is committed at the time of the effecting of the arrest. See Commonwealth v. Grandison, 433 Mass. 135, 145 (2001). "An arrest is effected when there is (1) an actual or constructive seizure or detention of the person, [2] performed with the intent to effect an arrest and [3] so understood by the person detained." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008) (quotation omitted). Whether the defendant understood he was being arrested is measured by the standard of an objective, reasonable person. See ibid.
Here, the defendant was being arrested for assault and battery on a police officer because he "thumped" Hoague on the chest. While the defendant was not specifically told that he was under arrest, a reasonable person would have understood that he was being arrested for the assault, where the defendant continued to struggle and resist the police officers despite being pepper-sprayed, ordered to "stop resisting," and handcuffed. See Commonwealth v. Soun, 82 Mass. App. Ct. 32, 33, 37 (2012). Moreover, police officers are not required to use the word "arrest" when taking someone into custody. See Commonwealth v. Quintos Q., 457 Mass. 107, 111 (2010).
Additionally, the Commonwealth's case did not deteriorate once the defendant presented his case. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017). Rather, the defendant's testimony created a credibility issue to be resolved by the jury. See ibid. (defendant's evidence "negated no element of the crime and ... could have been disbelieved by the jury"). The jury were not required to credit the defendant's testimony that the police used excessive force and that he was merely defending himself. See Commonwealth v. Gomez, 450 Mass. 704, 710-711 (2008). See also Ross, supra ("Deterioration does not occur merely because the defendant contradicted the Commonwealth's evidence").
b. Closing argument. The defendant claims two errors in the Commonwealth's closing argument. First, he contends that the prosecutor referred to evidence that had been struck from the record, and by so doing, vouched for the police officers. Specifically, the defendant claims that the prosecutor "improperly vouched for the dangers of [sic ] officers faced in a domestic situation" and "described the situation as volatile." We review these remarks in light of the entire argument, the judge's instructions to the jury, and the strength of the Commonwealth's case. See Commonwealth v. Philbrook, 475 Mass. 20, 28 (2016). As the defendant objected at trial, we review to determine whether, if there was error, it was prejudicial. See Commonwealth v. Sullivan, 478 Mass. 369, 375-376 (2017).
The Commonwealth did refer to the situation as a "domestic call," but did not refer to the situation as "volatile." When taken in context, the statement called upon the jury's common knowledge of domestic violence interactions and offered an explanation as to why the police officers responded despite the second 911 call. See Commonwealth v. Ridge, 455 Mass. 307, 330-331 (2009) (counsel may refer to jury's common knowledge in closing argument). However, even if there was error, the judge's instructions that closing arguments are not evidence cured the problem. Indeed, due to remarks in both closing arguments, the judge gave a curative instruction in addition to the standard instructions, which the jury are presumed to follow. See Commonwealth v. Cheremond, 461 Mass. 397, 414 (2012).
The defendant also argues that the prosecutor made two additional improper statements that were based on evidence that had been struck. The jury were instructed to disregard these statements and, as discussed supra, were properly instructed on closing arguments. The defendant did not request a mistrial, nor did he object to the jury instructions. Thus we review to determine whether this error created a substantial risk of a miscarriage of justice. Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). On this record, we cannot say that it did; however, the prosecutor is cautioned to confine closing arguments to the admissible evidence.
c. The 911 telephone calls. The defendant claims error in the judge's refusal to admit the recording of the 911 calls. Although he agrees that the recording could be hearsay, he contends that it was not being offered for the truth of any statements contained in it, but rather to show his mental or emotional condition when the calls were made. See Mass. G. Evid. § 803(3)(B)(i) (2018). He argued that the admission of the calls would allow the jury to hear his tone of voice and demeanor, and that these were relevant to support his testimony as to how events occurred once the police arrived. The defendant also wanted to use the calls to rehabilitate his testimony following cross-examination by the Commonwealth, in which it was suggested that he had a drink at the time the woman was still in the home. In closing argument, the Commonwealth also argued that alcohol was "involved."[4]
Here, the judge determined that the defendant's demeanor and state of mind at the time he made the two 911 calls were not at issue, and accordingly that the recording should be excluded. We discern no error in the judge's exercise of discretion in this regard. The critical facts in this case occurred once the police arrived at the defendant's residence. The 911 calls, however, were made prior to the arrival of the police, at least twenty-five minutes prior to the critical incident. Moreover, the uncontroverted evidence was that the incident escalated quickly, after the police had arrived. Although the defendant's tone of voice and demeanor may have been marginally relevant, the key factual determinations in this case did not turn on the defendant's state of mind when he placed the two 911 calls. See Commonwealth v. Gardner, 30 Mass. App. Ct. 515, 528 (1991). Furthermore, the defendant was permitted to testify regarding what he said in the 911 calls, and as to his state of mind at the time of those calls. The 911 recording thus was not only of questionable relevance, but in large part, cumulative.
The defendant points to the prosecutor's closing argument to suggest that she improperly seized upon the evidence that had been excluded-the 911 recording. The judge struck portions of both closing arguments; however, the remaining portion of the prosecutor's closing argument was proper as it referred to the evidence adduced at trial and the reasonable inferences to be drawn therefrom. See Commonwealth v. Bresilla, 470 Mass. 422, 437 (2015).
While the better course of action may have been to admit the recording, on this record, we cannot say the judge abused his discretion or that even if he did, the defendant was prejudiced thereby. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Our conclusion is supported by the verdicts of this sophisticated jury which parsed an abundance of conflicting evidence and acquitted the defendant on one of the two charges.
d. Judicial notice. The defendant next claims error in the judge's refusal to take judicial notice of the allowance of his motion to suppress evidence and refusal to instruct the jury regarding same. The defendant does not cite to any authority in support of this claim and therefore this claim does not rise to the level of appropriate appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Notwithstanding, a court may take judicial notice of court records and docket entries within the same case. See Commonwealth v. Ubeira-Gonzalez, 87 Mass. App. Ct. 37, 39 n.3 (2015). See also Mass. G. Evid. § 201(b)(2) (2018). Here, the judge was concerned that the proffered instruction would lead to confusion as the search occurred after the arrest and had only slight relevance in supporting the defendant's theory of excessive force. The judge did not abuse his discretion. See L.L., supra.
e. Inconsistent verdicts. The defendant claims that the verdicts were legally inconsistent because he was convicted of resisting arrest and acquitted of assault and battery on a police officer, and thus that his conviction cannot stand. We disagree. The general rule in our courts is that inconsistent verdicts in criminal cases, one of which is an acquittal, "will not render the verdict of guilty erroneous." Commonwealth v. Medeiros, 456 Mass. 52, 57-58 (2010) (quotation omitted). But in any event, here the two verdicts are not inconsistent in fact. Unlike the crime of assault and battery on a police officer, the elements of resisting arrest do not require the touching of a police officer. Here, the judge properly instructed the jury that the Commonwealth must prove that the defendant intentionally struck or pushed Hoague in order to meet the burden for assault and battery on a police officer. The acquittal on this charge thus is not factually inconsistent with a conviction of resisting arrest.[5]
Judgment affirmed.

The Commonwealth filed a nolle prosequi on a charge of improper storage of a firearm.

Officer Hoague described this as a "thump" against his body armor.

He also claimed that the 911 recording was impeachment evidence but does not raise that contention on appeal.

We have examined all of the points and arguments of the defendant. That we have not discussed some of them means simply that "[w]e find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).