NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-955

COMMONWEALTH

vs.

EDUARDO GRAVALESE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On September 12, 1994, the defendant pleaded guilty to three counts of rape of a child and one count of indecent assault and battery on a person age fourteen or over.  On April 22, 2022, the defendant filed a motion for new trial, seeking to vacate his guilty pleas.  The motion judge, who was different than the plea judge, denied the motion without an evidentiary hearing.  The defendant appeals, arguing that his motion should have been allowed and the judge should have held an evidentiary hearing.  We affirm.

---

[1] As is our custom, we spell the defendant's name as it appears on the indictments.

Background.  We summarize the relevant background based on information provided to the court during the defendant's plea hearing.  On June 6, 1993, the victim, who was fifteen years old, accepted a ride in a car from the defendant, who was eighteen years old at the time, and three other men.  The men drove the victim to a parking lot, where the victim performed oral sex on the four men.  They then drove to the residence of one of the men where the defendant put his penis in the victim's vagina and anus.

During the plea hearing, the judge asked the prosecutor if the victim was able to testify.  The prosecutor stated that the victim was able to testify.  The judge then asked if the victim was willing to testify if necessary, to which the prosecutor responded, "I haven't personally spoken to her, but [s]he is -- she had been in Maryland.  She now lives here.  Our office has been in touch with her.  The advocate has been in touch with her."  The prosecutor also later stated that the victim agreed to the plea recommendation offered by the prosecutor because the victim's preference was "not to testify, not to go to trial and not to relive the incident."  The judge accepted the prosecutor's plea recommendation and the defendant, after a thorough colloquy, pleaded guilty.

In support of the defendant's motion for new trial, the defendant submitted an affidavit from the victim in which she

2

stated that her father assured her that she would never have to go back to court after the defendant's arraignment. She also stated that she was never again asked to appear in court or told in any way that she was expected to and that she was never contacted by the Suffolk County District Attorney's Office after the defendant's arraignment. Lastly, she stated that she would not have agreed to go back to court if asked to. The defendant submitted an affidavit that he would not have pleaded guilty if he had known that the victim had been promised she would not have to appear in court again, or that the Commonwealth had had no contact with her, or that she was unavailable to testify at trial. The defendant also submitted an affidavit of his trial counsel, in which trial counsel stated that she did not have any independent memory of the case.

The motion judge ruled on the defendant's motion without a hearing, stating that a hearing was not needed either to decide the motion or assess the reliability of the affidavits before her. In denying the defendant's motion, the motion judge noted that the prosecutor had acknowledged on the record that the victim did not want to testify. The judge also credited the Commonwealth's evidence that it was the policy of the district attorney's office at that time, given the victim's age, not to have contacted the minor victim directly, but rather through the minor victim's parent or guardian. Accordingly, the motion

3

judge concluded that the defendant had failed "to prove prosecutorial misconduct sufficient to allow for a withdrawal of his guilty plea."[2]

Motion for new trial. "[A] motion for a new trial is addressed to the sound discretion of the trial judge, who may grant a new trial if it appears that justice may not have been done" (quotations omitted). Commonwealth v. Jacobs, 488 Mass. 597, 600 (2021). "We review a judge's decision to deny a motion for a new trial without holding an evidentiary hearing 'for a significant error of law or other abuse of discretion.'" Commonwealth v. Upton, 484 Mass. 155, 162 (2020), quoting Commonwealth v. Bonnett, 482 Mass. 838, 843-844 (2019). Where, as here, the defendant attempts to withdraw his plea based on prosecutorial misconduct, "the defendant first must show that egregious government misconduct preceded the entry of his guilty plea and that it is the sort of conduct that implicates the defendant's due process rights" (quotation omitted). Commonwealth v. Ubeira-Gonzalez, 87 Mass. App. Ct. 37, 42 (2015).

We see no abuse of discretion because the defendant has not made the requisite showing to establish prosecutorial misconduct. The motion judge concluded that the victim's

---

[2] The motion judge also concluded that the defendant failed to show that rejecting the plea deal would have been reasonable.

4

affidavit, made almost thirty years after the plea and which the court credited in part, confirmed only that the victim had been given certain assurances by her father, not that she had been given assurances by the police or prosecution. Additionally, the motion judge found that the prosecutor's statements that the victim had a preference "not to testify, not to go to trial and not to relive the incident," are consistent with the victim's statements in her affidavit.[3] Because the prosecutor's comments to the court were consistent with the victim's willingness to testify, there is no abuse of discretion in the motion judge's conclusion that the defendant had not sustained his burden to prove prosecutorial misconduct.

Evidentiary hearing. "The judge may rule on the motion for new trial from the face of the affidavits or other supporting material, without an evidentiary hearing, 'if no substantial issue is raised by the motion or affidavits.'" Commonwealth v. Marrero, 459 Mass. 235, 240 (2011), quoting Mass. R. Crim. P.

---

[3] The victim said she would not have "agreed" to go back to court, but this did not make her "unavailable," i.e., beyond the court's subpoena power if the Commonwealth chose to seek a subpoena. Although the defendant's affidavit stated that he would not have pleaded guilty had he known that the victim was not "available" to testify, the prosecutor represented at the plea hearing that the victim was available, and the defendant's affidavit does not suggest otherwise. Nor does the defendant's affidavit state that he pleaded guilty on the understanding that the victim was willing to testify; the prosecutor made clear that she did not want to testify.

30 (c) (3), as appearing in 435 Mass. 1501 (2001). In determining whether a substantial issue exists, "a judge considers the seriousness of the issues raised and the adequacy of the defendant's showing on those issues" (quotation omitted). Upton, 484 Mass. at 162. We review the motion judge's decision not to hold an evidentiary hearing for an abuse of discretion. Commonwealth v. Amaral, 482 Mass. 496, 509 (2019). We also "defer to the sound discretion of the judge below whether a motion for postconviction relief requires a hearing." Lykus v. Commonwealth, 432 Mass. 160, 163 (2000).

The motion judge did not abuse her discretion in declining to hold an evidentiary hearing. The three affidavits submitted by the defendant and the transcript of the plea hearing describe the circumstances surrounding the defendant's plea and the entire factual basis for the defendant's claims. As previously discussed, the information from these affidavits, even if believed, is not sufficient to meet the defendant's burden. It was therefore not an abuse of discretion to rule on the motion without an evidentiary hearing where the Commonwealth was not disputing the essential facts contained in any of the three affidavits. See Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 395 (2012) ("An evidentiary hearing may not be necessary, however, if the substantial issue raised is solely a question of law, or if the facts are undisputed in the record").

6

Conclusion. In summary, the prosecutor's remarks at the plea hearing and the victim's affidavit are not in inherent conflict and do not evidence prosecutorial misconduct. It was thus not an abuse of discretion to deny the defendant's motion without an evidentiary hearing. Accordingly, we affirm.

Order denying motion for new trial affirmed.

By the Court (Sacks, Singh & Walsh, JJ.[4]),

Assistant Clerk

Entered: May 8, 2024.

---

[4] The panelists are listed in order of seniority.